UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

-------------------------------------------------

UNITED STATES OF AMERICA,                    CIV. 18- *300 7*

     Plaintiff,

vs.                                          **VERIFIED COMPLAINT**

EARL L. PENEAUX SR., LONNA BROWNING
(TWO EAGLE), and
THE ROSEBUD SIOUX TRIBE,

     Defendants.

-------------------------------------------------

     The United States of America, through its agency the United States
Department of Veterans Affairs, by and through its counsel, Ronald A. Parsons,
Jr., United States Attorney, District of South Dakota, and Assistant U.S.
Attorney Delia M. Druley, hereby states and alleges as follows:

### JURISDICTION & VENUE

     1.   This Court has jurisdiction under 28 U.S.C. § 1345 because the
United States of America is the Plaintiff. The United States of America seeks to
foreclose a loan made under the provisions of 38 U.S.C. § 3761; 38 C.F.R. §
36.4527 and secured by a leasehold mortgage on real property held in trust for
the Rosebud Sioux Tribe and leased to Earl L. Peneaux, Sr.

     2.   Defendant Earl L. Peneaux Sr. ("Borrower") is an American Indian,
and at the time relevant to this case was a resident of the Rosebud Indian
Reservation located in South Dakota.

3.  Defendant Lonna Browning (Two Eagle) is an American Indian and at the time relevant to this case was a resident of the Rosebud Indian Reservation located in South Dakota.   She is listed on Borrowers' lease agreement with the Rosebud Sioux Tribe, Lease No. 58685.

4. Defendant, Rosebud Sioux Tribe ("RST"), is a federally-recognized tribe under the Indian Reorganization Act of June 18, 1934, 25 U.S.C. § 479a-1. *See also* 79 FR 4748-02, 2014 WL 296753 (January 29, 2014) (notice listing tribes).

### CLAIM FOR FORECLOSURE OF LEASEHOLD MORTGAGE

5.  The leasehold mortgage that is the subject of this foreclosure action is a residential leasehold interest in real property held in trust for or leased by RST, located in Todd County, South Dakota, within the exterior boundaries of the Rosebud Indian Reservation.

6.  On or about the dates indicated below, Borrower, for value received, made, executed, and delivered to The Secretary of Veterans Affairs ("VA"), a promissory note described as follows:

| EXHIBIT NO. | PRINCIPAL OF ORIGINAL NOTE | DATE OF ORIGINAL NOTE | RATE OF INTEREST |
|---|---|---|---|
| 1 | $78,097.89 | 08/24/2005 | 5.5% |

A true and correct copy of the promissory note is attached as **Exhibit 1**.

7.  As part of the security for the note, Borrower made, executed, and

2

delivered to the VA through Servicer Residential Credit Solutions, Inc., a leasehold mortgage described as follows:

| EXHIBIT NUMBER | DATE OF MORTGAGE | RECORDING DATE | BOOK & PAGE | EXHIBIT NO. OF NOTE SECURED |
|---|---|---|---|---|
| 2 | 08/24/2005 | 03/06/2006 | Document #345 66932 | 1 |

A true and correct copy of the leasehold mortgage, including the signed Rider, is attached as **Exhibit 2**. The leasehold mortgage was approved by the Bureau of Indian Affairs on February 23, 2006 and recorded on March 6, 2006. A true and correct copy of the BIA's Certificate of Approval is attached as **Exhibit 3**. A true and correct copy of the BIA Title Status Report dated January 10, 2018, is attached as **Exhibit 4**.

8.     The leasehold mortgage encumbers the following described real property:

> NW ¼ NW ¼, NE ¼ SW ¼ OF SECTION 11, T.38 N., R.31W., 6TH PM, TODD COUNTY, SOUTH DAKOTA, CONTAINS 2.5 ACRES MORE OR LESS.

9.     A true and correct copy of Borrowers' lease agreement with RST, Lease No. 58685, is attached as **Exhibit 5**.

10.     Plaintiff is the owner and holder of the promissory note and leasehold mortgage.

11.     Borrower was in serious default in the monthly installment payments in 2006 and the VA and Plaintiff entered into a reamortization and

3

restriction of assumption agreement on October 6, 2006. That agreement is attached hereto as **Exhibit 6**. Borrower is in default of the terms of the note and mortgage because he failed to make timely payments of principal and interest when due.

12.    The mortgage provides upon a default in the payment of any indebtedness discussed in the mortgage or note or in the performance of any of the terms or conditions contained within each, the entire indebtedness shall immediately become due and payable and the mortgage may be foreclosed by action. Exhibit 2, paragraph 10.

13.    Because of Borrower's default, after notice, the maturity of the note was accelerated and all of the debt was declared immediately due and payable. A true and correct copy of the letter dated September 11, 2012, notifying the Borrower of the default and acceleration of the debt if it was not paid are attached as **Exhibit 7**.

14.    Because of Borrower's default, Plaintiff is entitled to have the leasehold mortgage foreclosed and the leasehold interest sold in the manner prescribed by law and the proceeds applied in payment of the amounts due.

15.    No other action at law or proceeding in equity or otherwise has been commenced or is now pending for the foreclosure of the mortgage or the collection of the debt secured thereby. All of the Borrower's debt restructuring, mediation, and associated administrative rights have been exhausted and all relevant preconditions to initiation of the foreclosure proceeding, as set forth in

4

the leasehold mortgage or security instrument, applicable law, and administrative regulations have been satisfied.

16.   The amounts due on the note with interest accrued are as follows:

| EXHIBIT NUMBER OF PROMISSORY NOTE | UNPAID PRINCIPAL | UNPAID INTEREST (as of April 13, 2018) | EXPENSES DUE | TOTAL AMOUNT OF DEBT OWED |
|---|---|---|---|---|
| 1 | $74,407.04 | $30,692.70 | $8,132.22 | $113,231.96 |

17.   Plaintiff is entitled to all proper costs incurred by Plaintiff from the time this Complaint was filed to the conclusion of this action. The note and mortgage provide that the Plaintiff may at any time pay any amounts required to be paid by the Borrower and not paid by them when due, as well as any costs and expenses for the preservation, protection, or enforcement of the Plaintiff's lien as advanced for the account of the Borrowers, and that all such amounts shall bear interest at the rate provided in the promissory note secured. During this action Plaintiff may need to make such advances.

18.   This action is limited to foreclosing on the leasehold interest in real property that secured the debt; such an *in rem* proceeding is not subject to the statute of limitations in 28 U.S.C. § 2415(a). Plaintiff is not seeking a deficiency judgment and thus will bid only the debt balance on the date of sale.

19.   The whole of said mortgaged premises constitutes one distinct tract and parcel, has been and is now used as such, and the same is so situated that the sale thereof in one parcel will be to the advantage of all parties having an

interest therein.

20.     There are no other liens or interests in real estate of record with the BIA on the leasehold interest that is the subject of this action. *See* Exhibit 4.

21.     Borrower executed a short-term redemption mortgage and agreed that the provisions of the "One Hundred Eighty Day Redemption Mortgage Act" (SDCL 21-49-12, et al) govern this mortgage. Therefore, the United States requests that the Court order the leasehold interest in the property to be sold by United States Marshal with redemption rights as set forth in the statute and the mortgage.

22.     No personal claim is made against any defendant other than the Borrower.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor as follows:

1.     Judgment be entered against the leasehold interest and the Borrower, jointly and severally, in the amount of $113,231.96 as of April 13, 2018, together with any additional sums advanced, costs expended herein, and interest accruing thereon.

2.     A Decree of Foreclosure and Sale be entered directing the sale of the mortgaged leasehold interest as provided by law, with redemption rights as provided by law and the mortgage, and to apply the proceeds as follows: (a) to the costs and expenses of sale; (b) to the payment of the costs and disbursements

6

taxed in the action in which the sale is made; (c) to payment on the debt adjudged by the Court to be due; (d) to pay the surplus, if any, into Court for the use of the Borrower or the person entitled thereto, subject to the order of the Court.

3.    The Court determine the lien priority of the parties and order the distribution of any excess proceeds according to such priority.

4.    All Defendants, together with each and every person or entity claiming under them or claiming any lien or encumbrance of any kind or character upon or against said real property subsequent in time or in priority, or both, to the liens of the Plaintiff's leasehold mortgage, and all persons claiming to acquire any right, title, or interest in and to said real property or any part thereof subsequent to the filing in the Aberdeen Area Office of the BIA be barred and foreclosed of and from all rights, title, or interest in and to said property.

5.    Plaintiff be awarded or otherwise reimbursed for the costs and disbursements of this action.

6.    Plaintiff be allowed to bid the debt due on the date of sale, with costs and disbursements taxed in the action in which the sale is made, and costs and expenses of the sale.

7.    That the Court order such other and further relief as may be just and equitable.

7

Dated: May 7, 2018

RONALD A. PARSONS, JR.
UNITED STATES ATTORNEY

DELIA M. DRULEY
Assistant United States Attorney
PO Box 2638
Sioux Falls, SD 57101-2638
Telephone:   (605)357-2320
Facsimile:   (605)330-4410
Delia.Druley@usdoj.gov

8

### VERIFICATION

I, Kim Girard, hereby verify and declare under penalty of perjury that I am an employee of the Department of Veterans Affairs; that I have read the foregoing Verified Complaint and know the contents thereof; that the matters contained in the Complaint are true to my own knowledge, except that any matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 27 day of April, 2018.

ROBERT WILKIE
ACTING SECRETARY OF VETERANS AFFAIRS,
AN OFFICER OF THE UNITED STATES OF AMERICA,
SUCCESSOR AND ASSIGNS

By: _____

Name: Kimberly Girard
Title: Loan Guaranty Officer
VA Regional Office, St. Paul, MN 55111
Telephone: (612)-970-5500
(Pursuant to a delegation of authority
contained in VA Regulations, 38 CFR §
36.4520(a)).

9

REVISED 1996                                                                                    SOUTH DAKOTA

# MORTGAGE NOTE

## NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

, South Dakota
, 2005

**$78,097.89**

FOR VALUE RECEIVED, the undersigned promise(s) to pay to the order of the **SECRETARY OF VETERANS AFFAIRS** whose principal office and address is Department of Veterans Affairs, Washington, D.C. 20420,

the principal sum of **Seventy Eight Thousand Ninety Seven and 89/100  ($78,097.89)** with interest from date at the rate of **Five and one-half percent (5.5%)** per annum on the unpaid balance until paid. Principal and interest shall be payable Regional Loan Center, Bishop Henry Whipple Federal Building, 1 Federal Drive, Fort Snelling, MN  55111-4007, or at such other place as the holder may designate in writing delivered or mailed to the debtor, in monthly installments of **Four Hundred Forty Three and 43/100 ($443.43)**, commencing on the **first day of October, 2005**, and continuing on the first day of each month thereafter, until this note is fully paid, except that, if not sooner paid, the final payment of the entire indebtedness evidenced hereby shall be due and payable on the **first day of September, 2035**.

Privilege is reserved to prepay at any time, without premium or fee, the entire indebtedness or any part thereof note less than the amount of one installment, or one hundred dollars ($100.00), whichever is less.  Prepayment in full shall be credited on the date received.  Partial prepayment, other than on an installment due date, need not be credited until the following installment due date or thirty days after such prepayment, whichever is earlier.

If any deficiency in the payment of any installment under this note is not made good prior to the due date of the next such installment, the entire principal sum with accrued interest shall at once become due and payable without notice at the option of the holder of this note.  Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.

This note is secured by Mortgage of even date executed by the undersigned on certain property described therein and represents money actually used for the acquisition of said property or the improvements thereon.

The undersigned, whether principal, surety, guarantor, endorser, or other party hereto, agree to be jointly and severally bound, and hereby waive any homestead or exemption right against said debt and waive demand, protest and notice of demand, protest and nonpayment.

At Mortgagee's option, Mortgagor will pay a late charge not exceeding four percent of any installment when paid more than fifteen days after the due date thereof to cover the extra expense involved in handling delinquent payments, but such late charge shall not be payable out of the proceeds of any sale made to satisfy the indebtedness secured hereby, unless such proceeds are sufficient to discharge the entire indebtedness and all proper costs and expenses secured thereby.

_____ (Seal)                    _____ (Seal)
                                                   EARL L. PENEAUX SR.

THIS IS TO CERTIFY that this is the note described in and secured by Mortgage Deed of even date herewith, in the same principal amount as herein stated, and secured by real estate situated in the County of **Todd**, State of South Dakota.

Dated this 24th day of August, 2005.

_____
Notary Public

REVISED 1996                                          SOUTH DAKOTA

# MORTGAGE—ONE HUNDRED EIGHTY DAY REDEMPTION

345

66932

## THE PARTIES AGREE THAT THE PROVISIONS OF THE ONE HUNDRED EIGHTY DAY REDEMPTION MORTGAGE ACT GOVERN THIS MORTGAGE.

## NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

The attached RIDER is made a part of this instrument.

THIS MORTGAGE, made this **Twenty Fourth day of August, 2005**, by **Earl L. Peneaux Sr.**, a single man, whose post office address is Post Office Box 703, Rosebud, **Todd** County, South Dakota, hereinafter referred to as Mortgagor, to the **Secretary of Veterans Affairs**, whose principal office and address is Department of Veterans Affairs, Washington, D. C. 20420, and his/her successors in such office, as such, hereinafter referred to as Mortgagee:

WITNESSETH:  That Mortgagor hereby does mortgage to said Mortgagee the following-described property situated on the **Rosebud Indian Reservation**, in **Todd County, South Dakota**, to wit:

**NW1/4NW1/4,NE1/4SW1/4 OF SECTION 11, T.38N.,R.31W., 6TH P.M., TODD COUNTY, SOUTH DAKOTA, CONTAINS 2.5 ACRES MORE OR LESS.**

**That Mortgagor, pursuant to 25 USC 483a, lists as security land located within the Rosebud Indian Reservation, which is held by the Unites States in trust, or as restricted fee land, for him.**

SEE VA ASSUMPTION POLICY RIDER ATTACHED HERETO AND MADE A PART HEREOF.

including all buildings and improvements now or hereafter thereon and together with the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise now or hereafter appertaining, and the reversion and reversions, remainder and remainders thereof, and all fixtures now or hereafter attached to or used in connection with the premises herein described; and in addition thereto the following-described household appliances, which are, and shall be deemed to be, fixtures and a part of the realty, and are a portion of the security for the indebtedness herein mentioned:

as security for the payment to Mortgagee of the principal sum of **Seventy Eight Thousand Ninety Seven and 89/100 ($78,097.89)**, as evidenced by a certain promissory note, bearing even date herewith, for said principal sum, with interest from date at the rate of **Five and one-half percent (5.5%)**

per annum on the unpaid balance until paid; said principal and interest to be payable at the office of the Secretary of Veterans Affairs, Regional Loan Center, Bishop Henry Whipple Federal Building, 1 Federal Drive, Fort Snelling, MN 55111-4007, or at such other place as the holder of the note may designate in writing delivered or mailed to the Mortgagor, in monthly installments of **Four Hundred Forty Three and 43/100 ($443.43)** commencing on the first day of October, 2005, and continuing on the first day of each month thereafter until said note is fully paid, except that, if not sooner paid, the final payment of principal and interest shall be due and payable on the **first day of September, 2035.**

The Mortgagor convenants and agrees as follows:

1.     Mortgagor will promptly pay the principal of and interest on the indebtedness evidenced by the said note at the times and in the manner therein provided. Privilege is reserved to prepay at any time, without premium or fee, the entire indebtedness or any part thereof not less than the amount of one installment; or one hundred dollars ($100.00), whichever is less. Any prepayment made on other than an installment due date will not be credited until the next following installment due date.

2.    Together with, and in addition to, the monthly payments of principal and interest payable under the terms of the note secured hereby, mortgagor will pay to the Mortgagee, as trustee, (under the terms of this trust as hereinafter stated) on the installment due day of each month until the said note is fully paid:

(a)    A sum equal to the premiums that will next become due and payable on policies of fire and other hazard insurance covering the mortgaged property, plus taxes and assessments next due on the mortgaged property (all as estimated by the Mortgagee, and of which the Mortgagor is notified), less all sums already paid therefor, divided by the number of months to elapse before one month prior to the date when such premiums, taxes, and assessments will become delinquent, such sums to be held by Mortgagee in trust to pay said premiums, taxes, and special assessments.

(b)    The aggregate of the amounts payable pursuant to subparagraph (a) and those payable on the note secured hereby, shall be paid in a single payment each month, to be applied to the following items in the order stated:

(I)     taxes, special assessments, fire and other hazard insurance premiums;
(II)    interest on the note secured hereby; and
(III)   amortization of the principal of said note.

Any deficiency in the amount of any such aggregate monthly payment shall, unless made good by the Mortgagor prior to the due date of the next such payment, constitute an event of default under this Mortgage.  At Mortgagee's option, Mortgagor will pay a "late charge" not exceeding four per centum (4%) of any installment when paid more than fifteen (15) days after the due date thereof to cover the extra expense involved in handling delinquent payments, but such "late charge" shall not be payable out of the proceeds of any sale made to satisfy the indebtedness secured hereby, unless such proceeds are sufficient to discharge the entire indebtedness and all proper costs and expenses secured thereby.

3.    If the total of the payments made by the Mortgagor under (a) of paragraph 2 preceding shall exceed the amount of payments actually made by the Mortgagee, as trustee, for taxes and assessments or insurance premiums, as the case may be, such excess shall be credited for subsequent payments to be made by the Mortgagor for such items, or, at Mortgagee's option, as trustee, shall be refunded to Mortgagor.  If, however, such monthly payments shall not be sufficient to pay such items when the same shall become due and payable, then the Mortgagor shall pay to the Mortgagee, as trustee, any amount necessary to make up the deficiency within thirty (30) days after written notice from the Mortgagee stating the amount of the deficiency, which notice may be given by mail.  If at any time the Mortgagor shall tender to the Mortgagee, in accordance with the provisions of the note secured hereby, full payment of the entire indebtedness represented thereby, the Mortgagee, as trustee, shall, in computing the amount of such indebtedness, credit to the account of the Mortgagor any credit balance remaining under the provisions of (a) of paragraph 2 hereof.  If there shall be a default under any of the provisions of this Mortgage resulting in a public sale of the premises covered hereby, or if the Mortgagee acquires the property otherwise after default, the Mortgagee, as trustee, shall apply, at the time of the commencement of such proceedings, or at the time the property is otherwise acquired, the amount then remaining to credit of Mortgagor under (a) of paragraph 2 preceding, as a credit on the interest accrued and unpaid and the balance to the principal then remaining unpaid on the note.

4.    The lien of this instrument shall remain in full force and effect during any postponement or extension of the time of payment of the indebtedness or any part thereof secured hereby.

5.    Mortgagor will pay all taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, levied upon said premises except when payment for all such items has theretofore been made under (a) of paragraph 2 hereof, and mortgagor will promptly deliver the official receipts therefor to the Mortgagee.

6.    Mortgagor will continuously maintain hazard insurance, of such type or types and amounts as Mortgagee may from time to time require, on the improvements now or hereafter on said premises, and except when payment for all such premiums has theretofore been made under (a) of paragraph 2 hereof, mortgagor will pay promptly when due any premium therefor.  All insurance shall be carried in companies approved by Mortgagee and the policies and renewals thereof shall be held by Mortgagee and have attached thereto loss payable clauses in favor of and in form acceptable to the Mortgagee.  In event of loss Mortgagor will give immediate notice by mail to Mortgagee.  Mortgagee may make proof of loss if not made promptly by Mortgagor.  Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Mortgagee instead of to Mortgagor and Mortgagee jointly, and the insurance proceeds, or any part thereof, may be applied by Mortgagee at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged.  In event of foreclosure of this mortgage, or other transfer of title to the mortgaged property in extinguishment of the indebtedness secured hereby, all right, title and interest of the Mortgagor in and to any insurance policies then in force shall pass to the purchaser or grantee.

7.    Mortgagor is the owner in fee of said premises (or leasehold interest in trust land), and the same are free from all encumbrances except as herein otherwise recited.

8.    Mortgagor shall not commit or permit waste; and shall maintain the property in as good condition as at present, reasonable wear and tear excepted.  Upon any failure so to maintain, Mortgagee, at its option, may cause reasonable maintenance work to be performed at the cost of the Mortgagor.

9.    Mortgagee may perform any defaulted convenant or agreement of Mortgagor to such extent as Mortgagee shall determine, and any moneys advanced by Mortgagee for such purposes shall bear interest at the rate provided for in the principal indebtedness, shall thereupon become a part of the

indebtedness secured by this instrument, ratably and on a parity with all other indebtedness secured hereby, and shall be payable thirty (30) days after demand.

10.   Upon a default in the payment of any indebtedness hereby secured or in the performance of any of the terms or conditions hereof; or if Mortgagor be adjudicated bankrupt or made defendant in a bankruptcy or receivership proceedings, the entire indebtedness hereby secured shall, at the option of the Mortgagee, immediately become due and payable, and this mortgage may be foreclosed by action, or by advertisement as provided by Statute or the Rules of Practice relating thereto, and this paragraph shall be deemed as authorizing and constituting a power of sale as mentioned in said statutes or rules, and any act amendatory thereof.

11.   Upon the request of the Mortgagee, the Mortgagor shall execute and deliver a supplemental note or notes for the sum or sums advanced by the Mortgagee for taxes or assessments against said premises and for any other purpose elsewhere authorized hereunder.  Said note or notes shall be secured hereby on a parity with and as fully as if the advance evidenced thereby were included in the note first described above.  Said supplemental note or notes shall bear interest at the rate provided for in the principal indebtedness and shall be payable in approximately equal monthly payments for such period as may be agreed upon by the Mortgagee and Mortgagor.  Failing to agree on the maturity, the whole of the sum or sums so advanced shall be due and payable thirty (30) days after demand by the Mortgagee.  In no event shall the maturity extend beyond the ultimate maturity of the note first described above.

12.   Title 38, United States Code, and the Regulations issued thereunder shall govern the rights, duties and liabilities of the parties hereto, and any provisions of this or other instruments executed in connection with said indebtedness which are inconsistent with said Title or Regulations are hereby amended and supplemented to conform thereto.

13.   Mortgagor waives notice of the exercise of any option granted to Mortgagee herein, or in said note, and waives and relinquishes all rights of homestead in said premises.

14.   Any agreement herein by the Mortgagor to pay taxes and assessments on the mortgaged property is not inclusive of taxes of the Mortgagee upon or on account of the mortgage debt.

The convenants herein contained shall bind, and the benefits and advantages shall inure to, the respective heirs, executors, administrators, successors and assigns of the parties hereto.  Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders, and the term "Mortgagee" shall include any payee of the indebtedness hereby secured or any transferee thereof whether by operation of law or otherwise.

15.   If there is a default in any of the terms of this mortgage, or of the note secured hereby, all the rents, issues and profits of the mortgaged premises may thereafter be collected by the Mortgagee.  Such right shall exist before and after foreclosure and during the period of redemption.  Mortgagee shall have the right of possession of the mortgaged premises thirty days after default.

In the case of foreclosure by action, the holder of the Certificate of Sale may apply to the court for a reduction of the redemption period if the property has been abandoned by the mortgagor.  If, after notice to the parties as the court directs, the court finds the property has been abandoned, the redemption period may be reduced. The redemption period may not be reduced to less than sixty days from the date of recording the Certificate of Sale.

IN TESTIMONY WHEREOF, the Mortgagor(s) have hereunto set their hand(s) and seal(s) the day and year first above written.

_____ (Seal)                              (Seal)

**EARL L. PENEAUX SR.**

STATE OF SOUTH DAKOTA, _____   )
                                         ) ss:
COUNTY OF TODD                           )

On this 24th day of August, 2005, before me personally appeared **EARL L. PENEAUX SR.** to me known to be the person(s) described in, and who executed the foregoing instrument, and acknowledged that they executed the same as their free act and deed.

Notary Public

REVISED 1996                                          SOUTH DAKOTA

# VA ASSUMPTION POLICY RIDER

# NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

THIS ASSUMPTION POLICY RIDER is made this **Twenty Fourth day of August, 2005** and is incorporated into and shall be deemed to amend and supplement the Mortgage, of the same date herewith, given by the undersigned ("Mortgagor") to secure the Mortgagor's Note ("Note") of the same date to the Secretary of Veterans Affairs, his/her successors and assigns ("Mortgagee") and covering the property described in the Instrument and located at:

**Post Office Box 703, South Dakota  57570**

**NW1/4NW1/4,NE1/4SW1/4 OF SECTION 11, T.38N.,R.31W., 6TH P.M., TODD COUNTY, SOUTH DAKOTA, CONTAINS 2.5 ACRES MORE OR LESS.**

Notwithstanding anything to the contrary set forth in the Instrument, Mortgagee and Mortgagor hereby acknowledges and agrees to the following:

TRANSFER OF THE PROPERTY: If all or any part of the Property or any interest in it is sold or transferred, this loan shall be immediately due and payable upon transfer ("assumption") of the property securing such loan to any transferee ("assumer"), unless the acceptability of the assumption and transfer of this loan is established by the Department of Veterans Affairs or its authorized agent pursuant to section 3714 of Chapter 37, Title 38, United States Code.

An authorized transfer ("assumption") of the property shall also be subject to additional covenants and agreements as set forth below:

(a)  ASSUMPTION FUNDING FEE:  A fee equal to one-half of 1 percent (.50%) of the unpaid principal balance of this loan as of the date of transfer of the property shall be payable at the time of transfer to the mortgagee or its authorized agent.  If the assumer fails to pay this fee at the time of transfer, the fee shall constitute an additional debt to that already secured by this instrument, shall bear interest at the rate herein provided, and, at the option of the mortgagee of the indebtedness hereby secured or any transferee thereof, shall be immediately due and payable.  This fee is automatically waived if the assumer is exempt under the provisions of 38 U.S.C. 3729(c)(1).

(b)  ASSUMPTION PROCESSING CHARGE:  Upon application for approval to allow assumption and transfer of this loan, a processing fee may be charged by the mortgagee or its authorized agent for determining the creditworthiness of the assumer and subsequently revising the holder's ownership records when an approved transfer is completed.  The amount of this charge shall not exceed the maximum established by the Department of Veterans Affairs for a loan to which section 3714 of Chapter 37, Title 38, United States Code applies.

(c)  ASSUMPTION INDEMNITY LIABILITY:  If this obligation is assumed, then the assumer hereby agrees to assume all of the obligations of the veteran under the terms of the instruments creating and securing the loan, including the obligation of the veteran to indemnity the Department of Veterans Affairs to the extent of any claim payment arising from the guaranty or insurance of the indebtedness created by this instrument.

IN WITNESS WHEREOF, Mortgagor(s) has executed this Assumption Policy Rider.

_____ (Seal)                _____ (Seal)
                                                **EARL L. PENEAUX SR.**

Peneaux Ex. 2

## CERTIFICATION OF APPROVAL LEASEHOLD MORTGAGE

Pursuant to authority delegated to the Assistant Secretary-Indian Affairs by 209 DM 8, 230 DM 1, to the Great Plains Regional Director by 3 IAM 4 (Release No. 00-03), and to the Superintendents by Great Plains Regional Addendum 3 IAM 4 (Release No. 0502), the foregoing mortgage of leasehold interest is hereby approved on behalf of the Secretary of the Interior upon the condition that the mortgage is subject to the terms and provisions of the Secretary of the Interior relating to the leasing of tribal and individually owned trust or restricted lands and upon the condition that the mortgage relates only to the leasehold estates and is not to be construed as an encumbrance or lien against tribe's or individual owner's title to the land involved. Should foreclosure be necessary, the mortgagee shall give written notice to the Bureau of Indian Affairs Agency Office prior to initiation of such proceedings.

| | |
|---|---|
| 2-23-06 | Elton Hawk Wing |
| DATE | AGENCY SUPERINTENDENT BSB (acting) |

### ACKNOWLEDGMENT

STATE OF SOUTH DAKOTA)
                )
COUNTY OF TODD    )

On this 23rd day of February, 2006, before me, the undersigned officer, personally appeared Elton Hawk Wing, known to me to be the Acting Agency Superintendent, United States Department of the Interior, Bureau of Indian Affairs, and the person who executed the foregoing instrument, and he acknowledged to me that he executed the same as the free act and deed of the United States of America, as trustee, for the uses and purposes therein.

IN WITNESS WHEREOF, I have hereunto set my hand and seal at Rosebud, SD, the day and year aforesaid.

(SEAL)

_Billie S Blacksmith_
Notary Public

My commission expires: September 10, 2009

United States Department of the Interior
Bureau of Indian Affairs
Title Status Report

Report Certification Time and Date: 01/08/2018 09:00:27 AM
Requestor: TGILLIS Date/Time: 01/10/2018 08:15:47

**Land Legal Description**

| Land Area | Land Area Name | Tract Number | LTRO | Region | Agency | Resources |
|-----------|----------------|--------------|------|--------|--------|-----------|
| 345 | ROSEBUD | T 1326 | ABERDEEN, SD | GREAT PLAINS REGIONAL OFFICE | ROSEBUD AGENCY | Both |

| Section | Township | Range | State | County | Meridian | Legal Description | | Acres |
|---------|----------|-------|-------|--------|----------|-------------------|---|-------|
| 11 | 038.00N | 031.00W | SOUTH DAKOTA | TODD | Sixth Principal | N SW SW | | 20.000 |
| | | | | | | N SW | | 80.000 |
| | | | | | | SE SW | | 40.000 |
| | | | | | | SE SW SW | | 10.000 |

TOTAL TRACT ACRES: 150.000

**Title Status**

Tract 345 T 1326 is held by the United States of America in trust for the land owner(s) with trust interests and/or by the land owner(s) with restricted interests and/or fee simple interests, as listed in Appendix "A" attached to and incorporated in this Title Status Report.

The title to Tract 345 T 1326 is current, complete, correct, and without defect. Ownership is in unity and interests are owned in the following title status: trust.

The tract ownership is encumbered by the title documents as listed on Appendix "B" attached to and incorporated in this Title Status Report.

No Tract Notes or Coded Remarks for this tract.

This report does not cover encroachments nor any other rights that might be disclosed by a physical inspection of the premises, nor questions of location or boundary that an accurate survey may disclose. This Report also does not cover encumbrances, including but not limited to irrigation charges, unpaid claims, not filed or recorded in this Land Titles and Records Office. This report does not state the current ownership of the interests owned in fee simple but states the ownership at the time the interest ceased to be held in trust or restricted ownership status.

This Title Status Report is a true and correct report of the status of title to the real estate described herein according to the official land records recorded and maintained in this office.

*Rick Zephier*
LTRO Manager

Appendix "A"

Effective Ownership as of 10/08/2004

| Tribe & Code | ID No. & DOB | Indian or Non-Indian | Title Status | Interest* | Class | Type | Number | SURNAME/FIRST NAME | AS ACQUIRED | CONVERTED TO LCD | DECIMAL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | OWNER | | | | DOCUMENT | | NAME ACQUIRED | FRACTION | AGGREGATE SHARE | AGGREGATE |
| 345 ROSEBUD SIOUX - SD | T345030 | Tribe | Trust | All | Deed-TS | ACT 1934 | 37698--- | ROSEBUD SIOUX TRIBE | 1 3 | | |
| | | | Trust | All | Deed-TS | ACT 1934 | 37699--- | ROSEBUD SIOUX TRIBE | 1 3 | | |
| | | | Trust | All | Deed-TS | ACT 1934 | 37700--- | ROSEBUD SIOUX TRIBE | 1 3 | 3 3 | 1.0000000000 |

* "All" means the equitable beneficial interest and the legal title interest merged together.

| | | |
|---|---|---|
| IN TRUST: | 3 3 | 1.0000000000 |
| IN FEE: | 0 3 | .0000000000 |
| TOTAL: | 3 3 | 1.0000000000 |

**Appendix "B"**

Ownership of Tract 345 T 1326 is encumbered by the following:

| Contract Type/Contractor Name | Contract Number | Contractor ID | Begin Date | Expiration Date | Leased Acres | Record Image# |
|---|---|---|---|---|---|---|
| Grazing Permit | 0000691626 | 345C075002 | 12/01/2016 | 11/30/2026 | 48.000 | 0000691626 |
| ROBERT J. WHIPPLE RESIDENTIAL | 15452595PT | 345C073157 | 01/13/1995 | 01/12/2045 | 2.500 | |
| ROSEBUD HOUSING AUTHORITY RESIDENTIAL | 15608098PT | 345C074509 | 09/18/1998 | 09/17/2048 | 2.500 | 54247 |
| JULIE A. LAMBERT RESIDENTIAL | 15865004PT | 345C075366 | 04/02/2004 | PERPETUAL | 2.500 | 60901 |
| MICHAEL WHIRLWINDSOLDIER RESIDENTIAL | 15868504PT | 345C075659 | 04/15/2004 | PERPETUAL | 2.500 | 60905 |
| EARL PENEAUX RESIDENTIAL | 1631901262 | 345C250442 | 07/09/2012 | 07/08/2062 | 2.500 | |
| EVANGELINE R. GUERUE RESIDENTIAL | 1634471338 | 345C250490 | 05/14/2013 | 05/13/2038 | 2.500 | 345 1634471338 |
| VERDELL P. MORAN AGRICULTURE LEASE | 4200028503 | 345C250427 | 03/01/2017 | 02/28/2018 | 72.000 | 345 4200028503 |
| JOHN LAMBERT Electric Line and Power | 52277--- | 345C073247 | 05/07/1996 | PERPETUAL | 1.469 | |
| CHERRY-TODD ELECTRIC CO. | | | | | | |

| Type of Encumbrance | Encumbrance Holder | Expiration Date | Document Number | Description and Explanation |
|---|---|---|---|---|
| EASEMENT/RIGHT OF WAY | CHERRY-TODD ELECTRIC CO. | PERPETUAL | 52277--- | |
| GRAZING PERMIT | MAE LAPOINTE ROSE | | 65063 | MODIFICATION OF GRAZING PERMIT CONTRACT # A07-14-20-10542, RANGE UNIT # 67, EFF. 12/1/04, APPD 12/9/04 |
| MORTGAGE | SEC. OF VETERANS AFFAIRS | | 66932 | MTG APPD 02/23/06, SECURES NOTE DTD 08/24/05 FOR $78,097.89, ENCUMBERING THE LEASEHOLD INT OF EARL L. PENEAUX |
| WATERLINES/PIPELINES/CANALS | TWO EAGLE LONNA | | 67078 | WATERLINE SERVICE LINE AGREEMENT, APPD 3/27/06, 25 CFR 169.22 |
| HOMESITE LEASE | PENEAUX ESTATE EARL J | 04/14/2054 | 62969 | NW NW NE SW CONTAINING 2.5 AC  MODIFIES LSE DOC NO. 60905, TO REMOVE LONNA TWO EAGLE'S NAME FROM LEASE, APPD 12/21/04 |
| RIGHTS OF WAY | TODD COUNTY, S. D. | PERPETUAL | 25625923 | HWY R/W APPD 05-21-23,   ACT OF 03-03-01 (31 STAT.1084) |
| RIGHTS OF WAY | B.I.A. | PERPETUAL | 36666--- | HWY R/W, APPD 02-17-77,  ACT OF 02-05-48 (62 STAT 17) |
| RIGHTS OF WAY | TODD COUNTY HWY BOARD | PERPETUAL | 41342--- | ROAD R/W, APPD 03-30-1962ACT OF 3-3-1901(31 STAT. 1084) |
| RIGHTS OF WAY | BISON STATE TELE. CO. | PERPETUAL | 42686--- | TELEPHONE LINE R/W, APPD 4-12-85, ACT OF 2-5-48 (62 STAT 17) |
| HOMESITE LEASE | ROSEBUD HOUSING AUTHOR | 07/31/2035 | 42845--- | LEASE 25 YRS + AUTOMATIC 25 YR EXTENSION, APPD: 8/01/85 CONTAINING 2.50AC |
| MISCELLANEOUS | CONRAD BLACK BEAR | PERPETUAL | 55205--- | CANCELS LEASE # 52925,   DOC. # 46934---, APPD: 3/13/2000, SWSWNESW |
| MISCELLANEOUS | ROSEBUD SIOUX TRIBE | | ---5555 | TSR DOES NOT SHOW GRANTS OF USE THE TRIBE MAY MAKE WITHOUT DEPARTMENT APPROVAL. |

FORM 5-1495
Neg/3-12-04/dme

UNITED STATES DEPARTMENT OF THE INTERIOR
BUREAU OF INDIAN AFFAIRS
RESIDENTIAL LEASE

Lease No. 58685
Tract No. Ref.3464(T1326)
(RST-32)

This LEASE, Made and entered into between _____Tribal Land Enterprise_____
P. O. Box 159, Rosebud, South Dakota 57570_____, hereinafter designated as "LESSOR",
and __Lonna Two Eagle & Earl Peneaux__ member of the__ Rosebud Sioux Tribe__
residing upon the_____ Rosebud_____ Indian Reservation, at P.O. Box 703, Rosebud, SD 57570
hereinafter designated as "LESSEE".

### WITNESSETH:

1. **Secretarial Approval.** As used in this lease, the term "SECRETARY" means the Secretary of the Interior or his duly authorized representative. This lease is subject to the approval of the Secretary pursuant to the Act of August 9, 1955, 69 Stat. 539, as amended; 25 U.S.C. 415.

**PREMISES.** Lessor, as authorized by law and in accordance with a motion passed by the Tribal Land Enterprise Board of Directors on December 22, 2003_____, hereby leases to the lessee all that tract or parcel of land situated on the Rosebud Indian Reservation, County of **Todd,**____ State of South Dakota, and described as follow: NW¼NW¼,NE¼SW¼ of Section 11, Township 38 North, Range 31 West, 6th P.M., containing 2.50 acre more or less (subject to prior valid existing right-of-way).

**PREMISES.** The object of this lease is to enable the Lessee to construct, improve and/or maintain a dwelling and related structures on the premises, and otherwise to use or occupy said premises for residential purposes.

4. **TERM.** Lessee shall have and hold the premises for a term of __twenty-five years (25)__ beginning on the day this lease is approved by the Secretary or his duly authorized representative. This lease shall automatically and without notice renew for an additional term of twenty-five (25) years on the same terms and conditions contained herein._____. This lease may not be terminated by either or both parties during its initial or renewal term if, and as long as, the lease and/or any improvements on the premises, or any interest therein, are mortgaged or otherwise pledged as security for any loan in accordance with the provisions hereof, unless consent in writing to such termination is given by the lender, and when FHA insurance, VA guarantee or insurance, or HUD Section 184 guarantee is in force, by the Federal Housing Administration, Veterans Administration, or HUD as the case may be. This lease shall not be subject to any forfeiture or reversion and shall not be otherwise terminable, if such event would adversely affect any interest in the premises, including improvements thereon, acquired in accordance with the provisions hereof by the holder of any mortgage or other lien, or of any purchaser at a foreclosure sale under such mortgage (or lien) or under any conveyance given in lieu of a foreclosure, or of any holder subsequent to such purchase.



345  60905

5. RENT. The improvement of housing for members of the Tribe is a public purpose of the lessor. The consideration for this lease is (1) _____ the said purpose (2) the promise, hereby given, of the Lessee to pay the Lessor rent at the rate of _____ $25.00 per year, payment to be made each year in advance, (3) the extinguishment hereby agreed to by the Lessee, of any and all use rights heretofore held by Lessee in the premises, so that the Lessee shall hereafter hold rights only by virtue of this lease, and (4) other good and valuable consideration, the receipt of which is hereby acknowledged by Lessor. It is agreed that there shall be no adjustment of the rent if the lease is terminated before its term otherwise would expire or in the event that any part of the premises is taken by condemnation for highway or other public purposes.

6. IMPROVEMENTS. All buildings or other improvements now existing or hereafter constructed on the premises shall be the leasehold property of the Lessee during the term of this lease, including any extension or renewal thereof.

7. USE RIGHTS. Upon expiration of this lease, or upon its termination in accordance with the terms hereof, unless such termination is due to default upon the part of Lessee, Lessee or any successor in interest shall be entitled to use rights in the premises __ if qualifed under the laws and customs of the Rosebud Sioux Tribe _____ If not so eligible, Lessee and any successor in interest shall, upon demand, surrender to Lessor upon expiration or other termination of this lease, complete and peaceable possession of the premises and all improvements thereon, which shall be the property of _____ the Rosebud Sioux Tribe

8. FEDERAL SUPERVISION. (a) Nothing contained in this lease shall operate to delay or prevent a termination of Federal responsibilities with respect to the premises by the issuing of a fee patent, the lifting of restrictions on alienation, or otherwise during the term of the lease; such termination, however, shall not serve to abrogate the lease. (b) No member of Congress or any delegate thereto or any Resident Commissioner shall be admitted to any share or part of this lease or to any benefit that may arise here from. (c) The Lessee agrees not to use or cause to be used any part of said premises for any unlawful conduct or purpose.

9. QUIET ENJOYMENT. Lessor agrees to defend the title to the premises and also agrees that Lessee and any successors in interest shall peaceably and quietly hold, enjoy and occupy the premises for the duration of this lease without any hindrance, interruption, ejection or molestation by Lessor or by any other person or persons whomsoever.

10. INHERITANCE. This lease may be transferred by will or by intestate inheritance in accordance with __ the laws and customs of the Rosebud Sioux Tribe _____ .

11. ASSIGNMENT. Except as otherwise provided herein, the Lessee shall not assign this lease without the prior approval of the Secretary and the written consent of all the parties to this lease and, if this lease and/or any improvements on the premises are mortgaged or pledged as security for a loan, without the written approval of the lender and when FHA insurance, VA guarantee or insurance, or HUD Section 184 guarantee is in force, of the Federal Housing Administration, Veterans Administration, or HUD as the case may be.

**345  60905**

Lessee may assign the lease or deliver possession of the premises, including any improvements thereon, to the lender, its successors in interest, or the FHA, VA, or HUD as the case may be, if Lessee defaults in any mortgage or other loan agreement for which the lease and/or improvements on the premises are pledge as security, and in such event, the lender, its successors in interest, or the FHA, VA, or HUD in turn may transfer this lease, or possession of the premises to a successor Lessee. Nothing in this lease shall prevent the Lessee from executing and recording a mortgage, declaration of trust and/or other security instrument as may be necessary to obtain financing for the construction and/or improvement of a dwelling and related structures, or shall prevent the mortgagee or other lender from foreclosing or instituting other appropriate proceedings under law in the event of default of any mortgage or other loan agreement by the Lessee. Except in cases involving loans for home construction or home improvements by a bank or other recognized lending institution or the VA, where no such consent or approval shall be required, Lessee may not execute a mortgage, declaration of trust or other security instrument pledging their interest in this lease or any improvements on the premises without the prior consent of Lessor and the approval of the Secretary.

12. OPTION. In the event of default by the Lessee on any mortgage or other loan agreement for which this lease or any improvements on the premises are pledge as security, Lessor shall have the right of first refusal to acquire the Lessee's interest in the premises (subject to all valid liens and encumbrances) upon (a) payment of all sums then in arrears, and (b) either payment of the balance of the loan or assumption of the mortgage. Said right of first refusal may be exercised at any time within thirty (30) days after notice in writing from the lender of the Lessee's default, which notice shall be given before the lender invokes any other remedies provided under the mortgage or by law, and shall be exercised by notice in writing from the Lessor to the Lessee and the lender; provided, however, that the Lessee shall have fifteen (15) days from the date of the latter notice to cure the default. The estate acquired by the Lessor through exercise of said right of first refusal shall not merge with any other estate or title held by the _____ Rosebud Sioux Tribe as long as this lease and/or any improvements therein, are mortgaged or otherwise pledged as security for any loan, and said estate shall remain subordinate to any valid and subsisting mortgage or other security instrument.

13. EFFECTIVE DATE. This lease and all its terms and provisions shall be binding upon the heirs, successors, executors, administrators and assigns of the Lessee and any successor in interest to the Lessor, and shall take effect on approval by the Secretary of Interior or his duly authorized representatives.

14. OBLIGATIONS TO THE UNITED STATES. It is understood and agreed that while the leased premises are in trust or restricted status, all of the Lessee's obligations under this lease, and the obligation of his sureties, are to the United States as well as to the owner of the land.

15. CONDITIONS.

    (a) The Lessee agrees to construct and maintain a fence sufficient to prevent livestock from trespassing on the premises. The Secretary will make the final determination as to whether or not the fence is sufficient and the Lessee agrees to abide by his decision.

345   60905

(b) If the Lessee fails to utilize the premises as set forth in Section 3 by establishing a
dwelling. Thereon within six (6) months of this date of this lease, the Lessor may,
at his option, terminate this lease at any time thereafter by giving the Lessee thirty (30)
days written notice of termination.

(c) This lease implements Section 184 of the Housing and Community Development Act (P.L
102-550) in connection with HUD's issuance of a loan guarantee of a mortgage on the
interest created by this lease.

ATTEST:

_____
Secretary, Tribal Land Enterprise
Per TLE Board action of 12-22-03.

_____
Witness

_____
Witness

Date Approved ___4-15-04___

_____
Chairman, Tribal Land Enterprise

_____
Lonna Two Eagle                    (Lessee)

_____
Earl Peneaux                       (Lessee)

_____
Superintendent, Rosebud Agency
"Pursuant to by 209 DM 8, 230 DM
1, to the Great Plains Regional
Director by 3 IAM 4, (Release No. 00-03),
and to the Superintendents by Great Plains
Regional Addendum 3 IAM 4 (Release
No. 0013)."

RECORDED – BIA
LAND TITLES &
RECORDS OFFICE

2004 MAY -5  A 11: 48

GREAT PLAINS
REGIONAL OFFICE



**US Department of Justice**

*Randolph J. Seiler*
*United States Attorney*
*District of South Dakota*

---

*Mailing Address:*
*PO Box 2638*                               *605.330.4400*
*Sioux Falls, SD  57101-2638*        *FAX  605.330.4402*

July 31, 2017

Earl L. Peneaux, Sr.                    Earl L. Peneaux, Sr.
P.O. Box 456                             P.O. Box 645
McLaughlin, SD 57642              Rosebud, SD 57570

Re:   NOTICE OF ACCELERATION OF YOUR DEBT AND DEMAND FOR PAYMENT
        OF THAT DEBT

Dear Mr. Peneaux:

PLEASE TAKE NOTE that the entire indebtedness due on the promissory note that evidence the loan received by Earl L. Peneaux Sr. from the United States of America, acting through the United States Department of Veterans Affairs ("VA"), is now declared immediately due and payable. It is described as follows:

Date of Instrument                      Amount
August 24, 2005                          $78,097.89

The promissory note is secured by a leasehold mortgage dated August 24, 2005. The Bureau of Indian Affairs approved this mortgage on February 23, 2006, and it was recorded on March 6, 2006 at document number 345 66932.

This acceleration of indebtedness is made in accordance with the authority granted in the promissory note and mortgage described above. The reason for this acceleration is due to Earl L. Peneaux Sr.'s default under the terms of the promissory note; namely, failing to pay the full amount of each monthly payment on the date it is due, among other reasons.

The indebtedness due consists of: $74,407.04 unpaid principal, $27,361.74 in unpaid interest, $5,655.52 in escrow fees, $44.43 in corporate advances, and $1,734.00 in late fees (less $453.05 in unapplied funds). **The total amount currently owed is $108,749.68**. Additional interest, costs, and fees may continue to accrue. This payoff amount is only valid through July 8, 2017. Any payoffs occurring after that day will accrue an additional $11.22 per day.

Unless full payment of the indebtedness is received within 30 days from the date of this letter, the United States will take action to foreclose the above-described security instruments and to pursue any other available remedies.

Payment should be made by cashier's check, certified check, or postal money order payable to the United States Attorney's Office and delivered to it at 325 S. 1st Avenue, Ste. 300, Sioux Falls, SD 57104. If you submit to the United States any payment insufficient to pay the entire indebtedness or insufficient to comply with any arrangements agreed to between the United States and yourself, that payment WILL NOT CANCEL the effect of this notice. If insufficient payments are received and credited to your account, no waiver or prejudice of any rights that the United States may have for breach of any promissory note or covenant in the security instrument will result, and the United States may proceed as though no such payment had been made.

Because your account has been referred to the Department of Justice for foreclosure and/or other collection activity after foreclosure, such as a deficiency judgment or enforcing a judgment lien, attorney's fees or other costs and expenses may be added to your debt.

If you think the United States is in error in accelerating your account and proceeding with foreclosure, you may submit evidence within 15 calendar days to the address listed on this letter.



09/11/2012

Sent Via Certified Mail
7196 9006 9296 2173 8395

EARL L PENEAUX SR
301 N MAIN ST APT 215
MOBRIDGE, SD 57601-2565

Loan Number:      3000056643
Property Address:  NW1 4NW1 4NE1 4SW1 4 OF SEC 11
                   ROSEBUD, SD 57570

## NOTICE OF DEFAULT AND INTENT TO ACCELERATE

Dear EARL L PENEAUX SR:

This letter is formal notice by Residential Credit Solutions, Inc. (herein as "RCS")  that you are in default under the terms of the documents creating and securing your Loan described above, including the Note and Deed of Trust/Mortgage/Security Deed ("Security Instrument"), for failure to pay amounts due.

The loan is due for 04/01/2010 and subsequent payments, plus late charges, fees and costs. As of today, the total delinquency and reinstatement amount is $15,188.21, which consists of the following:

| | | | |
|---|---|---|---|
| Next Payment Due Date: | | | 04/01/2010 |
| Total Monthly Payments Due: | | | $14,640.90 |
| April 2010 To September 2012 | at | $488.03 | |
| Late Charges: | | | $546.56 |
| Other Charges: | Uncollected NSF Fees: | | $0.00 |
| | Other Fees: | | $0.75 |
| | Corporate Advance Balance: | | $0.00 |
| | Unapplied Balance: | | ($0.00) |

**TOTAL YOU MUST PAY TO CURE DEFAULT:**          **$15,188.21**

**It is possible that after payment of the amounts detailed above there may be other fees still due and owing, including but not limited to other fees, escrow advances or corporate advances that RCS paid on your behalf or advanced to your account.**

This letter is a formal demand to pay $15,188.21. If the default, together with additional payments that subsequently become due, is not cured by 10/16/2012, RCS may take steps to accelerate the sums secured by the Security Instrument, including foreclosure or other action to seize the property as allowed by law.   If foreclosure proceedings are undertaken, it's possible that a deficiency judgment might be pursued.

IF YOU ARE UNABLE TO BRING YOUR ACCOUNT CURRENT, RCS offers consumer assistance programs designed to help resolve delinquencies and avoid foreclosure. These services are provided without cost to our customers. You may be eligible for a loan workout plan or other similar alternatives. If you would like to learn more about these programs, you may contact the Loss Mitigation Department (800) 737-1192, Monday through Thursday 7 a.m. to 11 p.m., Friday 7 a.m. to 9 p.m., and Saturday 8 a.m. to 2 p.m. CST. WE ARE VERY INTERESTED IN ASSISTING YOU.

 The default above can be cured by payment of the total delinquency and reinstatement amount plus any

additional payments and fees that become due by 10/16/2012. Note that in addition to the regular monthly payments, additional charges, costs and fees may become due during the period between today's date and the date the aforementioned payments are due. You may contact our Collection Department at (800) 737-1192 to obtain updated payment information.

Please include your loan number and property address with your payment and send to:

> Residential Credit Solutions, Inc.
> PO Box 78954
> Phoenix, AZ 85062-8954

If you wish to dispute the delinquency, or if you dispute the calculation of amount of the delinquency and reinstatement amount, you may contact us by calling (800) 737-1192.

You have the right to reinstate the loan after acceleration, and to bring a court action to assert the non-existence of a default or any other defense to acceleration or foreclosure sale. Failure to respond to this letter may result in the loss of your property. To the extent your obligation has been discharged or is subject to the automatic stay in a bankruptcy case, this notice is for informational purposes only and does not constitute a demand for payment or an attempt to collect a debt as your personal obligation. If you are represented by an attorney, please provide us with the attorney's name, address and telephone number.

**Attention Servicemembers and dependents**: The Federal Servicemembers' Civil Relief Act ("SCRA") and certain state laws provide important protections for you, including prohibiting foreclosure under most circumstances. If you are currently in the military service, or have been within the last nine (9) months, **AND** joined after signing the Note and Security Instrument now in default, please notify RCS immediately. When contacting RCS as to your military service, you must provide positive proof as to your military status. If you do not provide this information, it will be assumed that you are not entitled to protection under the above-mentioned Act.

For your benefit and assistance, there are government approved homeownership counseling agencies designed to help homeowners avoid losing their homes. To obtain a list of approved counseling agencies, please call (800) 569-4287 or by visiting http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm. You may also contact the Homeownership Preservation Foundation's Hope hotline at (888) 995-HOPE (4673).

This matter is very important. Please give it your immediate attention.

Sincerely,

Residential Credit Solutions, Inc.
P.O. Box 163229
Fort Worth, TX 76161-3229
(800) 737-1192

FEDERAL LAW REQUIRES US TO ADVISE YOU THAT RESIDENTIAL CREDIT SOLUTIONS, INC. IS A DEBT COLLECTOR AND THAT THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE. TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED OR IS SUBJECT TO THE AUTOMATIC STAY IN A BANKRUPTCY PROCEEDING, THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO COLLECT AN INDEBTEDNESS AS YOUR PERSONAL OBLIGATION. IF YOU ARE REPRESENTED BY AN ATTORNEY, PLEASE PROVIDE US WITH THE ATTORNEY'S NAME, ADDRESS AND TELEPHONE NUMBER.

NOIGNCM01
Page 2 of 2

7196 9006 9296 2173 8395

Residential Credit Solutions
PO Box 9044
Temecula, CA 92589-9044



7196 9006 9296 2562 7879

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Payments to:
Residential Credit Solutions
PO Box 78954
Phoenix, AZ  85062-8954

20120927-164

Send Correspondence to:
Residential Credit Solutions
PO Box 163229
Fort Worth, TX  76161-3229

EARL L PENEAUX SR
NW1 4NW1 4NE1 4SW1 4 OF SEC 11
ROSEBUD, SD 57570



NOiGNCM01

Peneaux Ex. 6



09/27/2012

Sent Via Certified Mail
7196 9006 9296 2562 7879

EARL L PENEAUX SR
NW1 4NW1 4NE1 4SW1 4 OF SEC 11
ROSEBUD, SD 57570

Loan Number:      3000056643
Property Address:  NW1 4NW1 4NE1 4SW1 4 OF SEC 11
                   ROSEBUD, SD 57570

## NOTICE OF DEFAULT AND INTENT TO ACCELERATE

Dear EARL L PENEAUX SR:

This letter is formal notice by Residential Credit Solutions, Inc. (herein as "RCS") that you are in default under the terms of the documents creating and securing your Loan described above, including the Note and Deed of Trust/Mortgage/Security Deed ("Security Instrument"), for failure to pay amounts due.

The loan is due for 11/01/2010 and subsequent payments, plus late charges, fees and costs. As of today, the total delinquency and reinstatement amount is $11,528.05, which consists of the following:

| | | | | |
|---|---|---|---|---|
| Next Payment Due Date: | | | | 11/01/2010 |
| Total Monthly Payments Due: | | | | $11,224.69 |
| November 2010 To September 2012 | | at | $488.03 | |
| Late Charges: | | | | $409.92 |
| Other Charges: | Uncollected NSF Fees: | | | $0.00 |
| | Other Fees: | | | $10.75 |
| | Corporate Advance Balance: | | | $0.00 |
| | Unapplied Balance: | | | ($117.31) |

**TOTAL YOU MUST PAY TO CURE DEFAULT:**                          **$11,528.05**

**It is possible that after payment of the amounts detailed above there may be other fees still due and owing, including but not limited to other fees, escrow advances or corporate advances that RCS paid on your behalf or advanced to your account.**

This letter is a formal demand to pay $11,528.05. If the default, together with additional payments that subsequently become due, is not cured by 11/01/2012, RCS may take steps to accelerate the sums secured by the Security Instrument, including foreclosure or other action to seize the property as allowed by law.  If foreclosure proceedings are undertaken, it's possible that a deficiency judgment might be pursued.

IF YOU ARE UNABLE TO BRING YOUR ACCOUNT CURRENT, RCS offers consumer assistance programs designed to help resolve delinquencies and avoid foreclosure. These services are provided without cost to our customers. You may be eligible for a loan workout plan or other similar alternatives. If you would like to learn more about these programs, you may contact the Loss Mitigation Department (800) 737-1192, Monday through Thursday 7 a.m. to 11 p.m., Friday 7 a.m. to 9 p.m., and Saturday 8 a.m. to 2 p.m. CST. WE ARE VERY INTERESTED IN ASSISTING YOU.

The default above can be cured by payment of the total delinquency and reinstatement amount plus any

additional payments and fees that become due by 11/01/2012. Note that in addition to the regular monthly payments, additional charges, costs and fees may become due during the period between today's date and the date the aforementioned payments are due. You may contact our Collection Department at (800) 737-1192 to obtain updated payment information.

Please include your loan number and property address with your payment and send to:

> Residential Credit Solutions, Inc.
> PO Box 78954
> Phoenix, AZ 85062-8954

If you wish to dispute the delinquency, or if you dispute the calculation of amount of the delinquency and reinstatement amount, you may contact us by calling (800) 737-1192.

You have the right to reinstate the loan after acceleration, and to bring a court action to assert the non-existence of a default or any other defense to acceleration or foreclosure sale. Failure to respond to this letter may result in the loss of your property. To the extent your obligation has been discharged or is subject to the automatic stay in a bankruptcy case, this notice is for informational purposes only and does not constitute a demand for payment or an attempt to collect a debt as your personal obligation. If you are represented by an attorney, please provide us with the attorney's name, address and telephone number.

**Attention Servicemembers and dependents:** The Federal Servicemembers' Civil Relief Act ("SCRA") and certain state laws provide important protections for you, including prohibiting foreclosure under most circumstances. If you are currently in the military service, or have been within the last nine (9) months, **AND** joined after signing the Note and Security Instrument now in default, please notify RCS immediately. When contacting RCS as to your military service, you must provide positive proof as to your military status. If you do not provide this information, it will be assumed that you are not entitled to protection under the above-mentioned Act.

For your benefit and assistance, there are government approved homeownership counseling agencies designed to help homeowners avoid losing their homes. To obtain a list of approved counseling agencies, please call (800) 569-4287 or by visiting http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm. You may also contact the Homeownership Preservation Foundation's Hope hotline at (888) 995-HOPE (4673).

This matter is very important. Please give it your immediate attention.

Sincerely,

Residential Credit Solutions, Inc.
P.O. Box 163229
Fort Worth, TX 76161-3229
(800) 737-1192

FEDERAL LAW REQUIRES US TO ADVISE YOU THAT RESIDENTIAL CREDIT SOLUTIONS, INC. IS A DEBT COLLECTOR AND THAT THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE. TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED OR IS SUBJECT TO THE AUTOMATIC STAY IN A BANKRUPTCY PROCEEDING, THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO COLLECT AN INDEBTEDNESS AS YOUR PERSONAL OBLIGATION. IF YOU ARE REPRESENTED BY AN ATTORNEY, PLEASE PROVIDE US WITH THE ATTORNEY'S NAME, ADDRESS AND TELEPHONE NUMBER.



**U.S. _EPARTMENT OF VETERANS AFFAI**
Regional Office, Fort Snelling
1 Federal Drive
St. Paul, MN  55111-4050

August 15, 2012

ROSEBUD SIOUX TRIBAL COUNCIL
C/O CHAIRMAN RODNEY M. BORDEAUX
PO BOX 430
ROSEBUD, SD 57570

In Reply Refer To:
35-35-1-0573449
PENEAUX, EARL

335/264

**CERTIFIED MAIL**

Ladies and Gentlemen:

I am writing concerning the Native American Direct Loan (NADL) for Mr. Earl Peneaux.  Your office was previously contacted by phone and notified there was a serious default of the terms of his loan.  Mr. Peneaux has not responded to our efforts to assist him in retaining ownership of his home or having the loan assumed by another party.  Due to the serious delinquency, the file will be referred to the US Attorney's Office, who will be handling the foreclosure of the loan.

On December 29, 2011, VA notified the tribal council of the severity of the default.  Since then, we have made contact with the Tribal Housing Authority, The Bureau of Indian Affairs Realty Office in Mission, the Tribal Veterans Service Office, and the Title and Land Enterprise.  We have found several tribal members interested in assuming the loan and acquiring the property.  However, VA has not been able to establish contact with Mr. Peneaux and have been informed by several people that Mr. Peneaux no longer resides in Rosebud.

This is the final notice to the tribe of the pending foreclosure action.  The Department of Veterans Affairs requests the assistance of the Rosebud Sioux tribe in our efforts to manage the NADL program in a prudent and cost-effective manner.  As stated in the Memorandum of Understanding, the tribal organization may assist VA in finding a qualified substitute purchaser if the initial borrower is unable to fulfill his or her obligation under the law, or the tribal organization may also purchase the loan from VA.

You may contact NADL Loan Specialist, MORGAN PONTIFF at (800) 827-0611 ext. 5577, or via e-mail at morgan.pontiff@va.gov to discuss any of the above alternatives on this account.

Sincerely,

ARLEN J. KLARENBEEK
Loan Guaranty Officer
St. Paul Regional Loan Center

Peneaux Ex. 7